UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JHON FERNANDO DELGADO BUSTAMANTE,<br>also known as "Jhonny,"<br><br>Defendant. | CRIMINAL NO. 22-CR-351 |

## JOINT STATEMENT OF STIPULATED FACTS

The statement of facts does not purport to include all the Defendant's illegal conduct during the course of his charged offense. Nor does it purport to be an inclusive recitation of all that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or those of his conspirators. It represents sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea in the above-captioned matter and is not intended to represent all the Defendant's relevant conduct for sentencing purposes. Had the Defendant proceeded to trial, the Defendant agrees that the Government's evidence would establish the following beyond a reasonable doubt:

1.      Beginning in or around March 2020 and continuing until in or about August 2021, in the countries of the United States, Ecuador, Colombia, and elsewhere, the Defendant knowingly, intentionally, and willfully conspired with others to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3); all in violation of Title 21, United States Code, Section 963.

2. Also beginning in or around March 2020 and continuing until August 31, 2021, in the countries of the United States, Ecuador, Colombia, and elsewhere, the Defendant, in violation of Title 18 United States Code, Section 1956(h) knowingly, intentionally, and willfully conspired with others to (1) conduct and attempt to conduct a financial transaction affecting interstate commerce and foreign commerce, which transaction involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 959(a), 960, and 963, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and while conducting and attempting to conduct such financial transaction, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and (2) transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to a place outside the United States, which monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 959(a), 960, and 963, knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and while conducting and attempting to conduct such transportation, transmission, and transfer, knowing that the property involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii), (3) transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to a place

outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 959(a), 960, and 963, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and (4) conduct and attempt to conduct a financial transaction with property represented to be the proceeds of some form of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 960, and 963, knowing that such financial transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the property believed to be the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(B);

3. During the course of and in furtherance of the conspiracy, the Defendant agreed with his uncle William Bustamante, Marco Rojas Palacios, and others to deliver six kilograms of cocaine to a buyer's representative in Cali, Colombia. The Defendant served as the point of contact in Colombia for Marco Rojas Palacios. Specifically, the Defendant, at Marco Rojas Palacios's direction, received the cocaine from his uncle and delivered the cocaine to the buyer's agent. The Defendant also agreed to receive the proceeds from Marco Rojas Palacios and deliver his uncle's share.

4. The Defendant knew that five kilograms of cocaine would be paid for in full prior to the delivery and the sixth kilogram would be paid for after the sale of the sixth kilogram in the United States, specifically in Colorado. The agreed upon price per kilogram for the first five kilograms was $1,900, for a total of $9,500. With respect to the sixth kilogram, Marco Rojas Palacios agreed to allow the buyer to have the kilogram at no cost up front, commonly referred to as "fronting." In exchange, the buyer agreed to give Marco Rojas Palacios the entirety of the proceeds from the sale of that kilogram of cocaine at the higher U.S. market price, less the buyer's

transportation costs.

5.   In preparation for the delivery of the six kilograms of cocaine on June 2, 2020, Marco Rojas Palacios provided the buyer with bank account information for an account belonging to Marco Rojas Palacio's father. On June 3, 2020, the buyer deposited $9,500 into a Wells Fargo account in Denver, Colorado.

6.   The next day, in a series of phone calls, the Defendant helped coordinate the delivery of the cocaine to the buyer's representative in Colombia and the payment for that delivery from the buyer to Marco Rojas Palacios. Specifically, the Defendant agreed to deliver six kilograms of cocaine to the buyer near Unicentro in Cali, Colombia. The Defendant then confirmed with the buyer's representative that the "Western Union" was ready. The Defendant and the buyer's representative confirmed the delivery of the six kilograms late in the evening.

7.   The Defendant received six kilograms of cocaine concealed in the rim of a tire from his uncle William Bustamante, and on June 4, 2020, he then delivered the six kilograms of cocaine to the buyer's representative in Cali, Colombia. The buyer then transferred $9,500 from the Wells Fargo account in Denver, Colorado, to Marco Rojas Palacios' father's bank account at the Banco de Loja in Ecuador. Marcos Rojas Palacio then paid the Defendant $9,500 in Cali, Colombia. The Defendant knew that this money represented the proceeds of some form of unlawful activity, specifically, the distribution of cocaine for importation into the United States.

8.   For each of these transactions, the Defendant and others used false names to conceal the source of the drug proceeds and avoid detection by law enforcement authorities.

9.   The Defendant admits that the total amount of cocaine involved in this conspiracy for which he had actual knowledge and involvement was six kilograms of cocaine. The Defendant admits that he was aware that the cocaine would be illegally imported into the United States for

further distribution.

10. The Defendant admits that he knew the funds laundered in the conspiracy included the proceeds of, or were intended to promote, an offense involving the manufacture, importation, or distribution of a controlled substance.

11. The Defendant admits that he and members of the conspiracy transferred drug proceeds in a way that was designed to conceal the nature, location, source, ownership, and control of the money.

12. The Defendant further admits that the $9,500 transaction executed in furtherance of the conspiracy was transferred from the United States to Ecuador in such a way as to avoid transaction reporting requirements.

13. The Defendant agrees venue and jurisdiction lie with this Court pursuant to 18 U.S.C. § 3238.

14. The Defendant also agrees that his participation in the above-described acts was in all respects knowing, intentional, and willful, reflecting an intention and deliberation to do something the law forbids and was not in any way the product of any accident, mistake of law or fact, duress, entrapment, or public authority.

15. With his signature below and that of his counsel, the Defendant agrees that he has fully adopted this statement of facts as his own statement. The Defendant is adopting this

statement of facts because it is a true and correct summary of the Defendant's own conduct.

16. The Defendant is pleading guilty because the Defendant is in fact guilty.

Respectfully submitted,

MARLON COBAR
Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

Date: July 29th 2025    By: _____
                              Janet H. Turnbull
                              Trial Attorney

Approved by:

Date: July 29, 2025 By: _____
                              NHAN NGUYEN
                              Principal Deputy Chief

6

## DEFENDANT'S ACKNOWLEDGMENT

I have reviewed this Statement of Facts and have discussed it at length with my attorney, Elita, Esq., who speaks Spanish proficiently. This Statement of Facts has been translated into Spanish for me. I understand that the English version controls. I fully understand this Statement of Facts and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Facts fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in the accompanying Plea Agreement dated July 29, 2025. I am satisfied with the legal services provided by my attorney in connection with this Statement of Facts, the accompanying Plea Agreement, and all matters related to it.

_____       7-30-2025
JHON FERNANDO DELGADO BUSTAMANTE      Date
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant in Spanish which I speak proficiently, the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Statement of Facts with the Defendant. The Defendant is agreeing to this Statement of Facts voluntarily, intelligently, and with full knowledge of all consequences of the Defendant's plea of guilty.

_____       July 30, 2025
ELITA AMATO, ESQ.                    Date
Attorney for Defendant

7